[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CORRECTED MEMORANDUM OF DECISION
The parties married on February 29, 1988 at Arlington, Virginia and have resided in the State of Connecticut for at least one year prior to the institution of this action seeking a dissolution of the marriage. There is one minor child, issue of the marriage, Donna Lee Marie Miner born June 21, 1989. At present, the Defendant Wife is receiving public assistance from the State of Connecticut. The Attorney General was made a party to this action in accordance with Section 46b-55 of the Statute. The marriage of the parties has broken down irretrievably. The marriage of the parties is hereby dissolved.
The marriage developed problems from the onset. There was credible testimony that in July, 1988 there was an incident during which the Defendant and the Plaintiff had a physical altercation results of which were hospital treatment for the Defendant and an arrest for the Plaintiff. Thereafter the parties separated for a period of three or four months. From October, 1988 until the time this action was instituted the parties lived apart many times.
Much of the Defendant's testimony was incredible. Without question a dissolution of the marriage serves the best interests of everyone in the Miner family. The crucial issue regards the custody of the one and a half year old infant. Both parents claimed to have a great deal of love and affection for the child. Mrs. Miner stated that the Plaintiff had physically abused this child. In one incident she testified that the Plaintiff grasped the leg of the child so strongly that it left a hand imprint. A second incident CT Page 1337 she recounted was one in which he held the daughter's face so tightly that a hand imprint was left thereon. Although the Defendant's son by a prior marriage testified, the Court determines that much of his testimony, if not all of it, was tainted by the influence of the Defendant upon him. It is the Court's opinion that defendant's son cannot distinguish fact from fantasy.
Mrs. Miner has not been a model mother. There was credible evidence to indicate that many times there was no food in the house for the children. At some times when the proverbial cupboard was bare not only was the Plaintiff fulfilling his pendente lite support obligation of $107.00 weekly, but also Mrs. Miner was receiving public assistance. Although there was a point in time when public assistance payments were withheld, the evidence indicated that Mrs. Miner never informed Mr. Miner of that fact. On the contrary, the evidence and testimony disclosed that Mr. Miner did not know the Defendant was receiving public assistance until January 22, 1991 when the trial of the instant matter commenced. In spite of her shortcomings, it is the Court's opinion, nonetheless, that the custody of Donna Lee Marie should be awarded the Defendant.
The Plaintiff is entitled to reasonable rights of visitation. Mrs. Miner denied him those rights ever since the inception of this action and in contravention of the pendente lite orders. The better evidence clearly showed that Mrs. Miner would demand extra sums of money from the Plaintiff before allowing him visitation with his infant daughter at a Pizza Restaurant. If the Plaintiff failed or refused to pay the extra sums, Mrs. Miner refused to bring the child to the appointed place at the appointed time.
Another result of Mrs. Miner's failure to abide by the Court ordered visitation pendente lite and partially as a result of the Court order itself, the Plaintiff's mother and sister have been deprived of knowing Donna Lee Marie.
The Court concludes that the following orders regarding alimony, support, custody and visitation would best serve the interests of the minor child and the parties and after due deliberation, comport with the requirements of Sections46b-84 and 46b-82 of the Connecticut General Statutes. Custody of the minor child, Donna Lee Marie is awarded to the Defendant mother subject of the following schedule of reasonable rights of visitation for the Plaintiff father: every Sunday from 9:00 a.m. until 5:30 p. m. at the home of the Plaintiff's mother; every Wednesday from 5:00 p. m. until 7:30 p. m. at any place convenient for the Plaintiff and the CT Page 1338 welfare of the child. Plaintiff is to pick up the child at her home and return her there at the designated times. Both parties are to keep one another fully informed of current residences. If either party determines to move out of the State of Connecticut he/she must give the other party ninety (90) days prior notice. In the event that the minor child is ill or for some other valid reason she cannot visit with the Plaintiff according to the Court-mandated schedule, the Plaintiff shall be accorded a substituted date.
The Plaintiff shall pay the sum of $93.00 per week, current support. The Court finds that there is an arrearage of $1,084.00 for past due support[1] owed the State of Connecticut. The Plaintiff is ordered to pay $7.00 per week on said arrearage, in addition to the order of current support, until said arrearage is paid in full. All payments of support shall be made to the Family Relations Division of the Court and same shall be secured by a contingent wage execution. The Plaintiff is ordered to maintain medical and dental insurance for the benefit of the minor child as same is available through the employment. The parties shall share equally the cost of any unreimbursed medical or dental expenses incurred on behalf of Donna Lee Marie. Plaintiff shall have the benefit of claiming Donna Lee Marie as an exemption for federal income tax purposes and the Defendant is ordered to execute the form required for the 1990 tax year in that regard. With respect to the issue of alimony, the Court finds that the credible evidence proved that the Plaintiff gave the Defendant $14,000.00 in October, 1988. The Plaintiff obtained this money from the net proceeds realized from the sale of a house he owned with another person prior to the marriage at issue. In addition to the $14,000.00, Plaintiff paid non-court-ordered sums ranging from $20.00 to over $300.00 at various times during the term of the pendente lite orders to obtain visitation as ordered by the Court. Those facts coupled with the short duration of the marriage and the other considerations enumerated in Conn. Gen. Stat. Section 46b-82 lead this Court to conclude that neither party shall pay alimony to the other. Each party shall be responsible for his/her own counsel fees as well as his/her own debts as set forth in the financial affidavits.
Finally, there has been raised an issue concerning the whereabouts of a boat worth about $10,000.00 and a classic Chevrolet automobile, worth about $10,000. The present location and method of disappearance of these items was not proven by a fair preponderance of the evidence and the Court declines to make any rulings with respect thereto.
SCHEINBLUM, JUDGE. CT Page 1339